UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC, LLC, | CASE NO. C23-0398JLR |
| Plaintiff, | ORDER |
| v. | |
| GRANITE VAPE LLC, et al., | |
| Defendants. | |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") second motion for an extension of time to perfect service on Defendants Granite Vape LLC, Brian Snow, Rahn Burns, Amir Rai, and Jonathan Stephani (together, "Defendants"). (Mot. (Dkt. # 11); *see* 6/15/23 Order (Dkt. # 10) (finding that GS Holistic had not demonstrated good cause for its failure to serve Defendants before the 90-day deadline set forth in Federal Rule of Civil Procedure 4(m) but nevertheless granting a 60-day extension of the service deadline).) The court GRANTS in part GS Holistic's motion.

Federal Rule of Civil Procedure 4 requires a plaintiff to serve the defendant with a

ORDER - 1

summons and a copy of the complaint and sets forth the specific requirements for doing so. *See* Fed. R. Civ. P. 4. Rule 4(m), which provides the timeframe in which service must be effectuated, states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

GS Holistic filed this action on March 16, 2023. (Compl. (Dkt. # 1).) As a result, Rule 4(m)'s 90-day deadline for effectuating service of process expired on June 14, 2023. Fed. R. Civ. P. 4(m). On June 15, 2023, the court granted GS Holistic's first motion for a 60-day extension of the deadline to serve Defendants Brian Snow, Rahn Burns, Amir Rai, and Jonathan Stephani, despite finding that GS Holistic had not demonstrated good cause for its failure to effectuate service before the Rule 4(m) deadline. (6/15/23 Order at 2-3.) The court ordered GS Holistic to file proof of service on these Defendants by no later than August 13, 2023, and warned GS Holistic that (1) failure to do so could result in dismissal without prejudice of its claims against those Defendants and (2) further extensions of the deadline to serve those Defendants would not be granted absent exceptional circumstances. (*Id.* at 2-3.) The court did not, however, grant an extension of the deadline to serve Granite Vape, LLC, because GS Holistic had represented in its first motion for an extension of time to perfect service that it had served Granite Vape, LLC on May 24, 2023. (*See* 1st Mot. (Dkt. # 9) ¶ 2; 6/15/23 Order at 2-3.)

ORDER - 2

Despite the 60-day extension of the Rule 4(m) deadline, and despite its earlier representation that it had already served Granite Vape, LLC, GS Holistic has not yet served any of the Defendants. (*See* Mot.). GS Holistic represents that it provided new addresses for Defendants to its process server on July 6, 2023, but it is "now having difficulties getting updates from its Process Server." (*Id.* ¶¶ 3-5; *see* Ex. A (email thread between GS Holistic's corporate counsel's staff and its process server).) GS Holistic further states that it "located another Process Server company and requested rush service." (*Id.* ¶ 6.) On one of the service attempts, the process server learned that Mr. Rai had moved out of the country six months ago. (*Id.* ¶ 7.) GS Holistic has been trying to find a new address for Mr. Rai but has been unsuccessful. (*Id.*) GS Holistic now asks the court to extend the Rule 4(m) deadline by an additional 60 days to allow it to perfect service on Defendants "either personally or by publication." (*Id.* ¶ 8.)

The court has reviewed the materials that GS Holistic filed in support of its second motion for an extension of time to perfect service and concludes that GS Holistic has not established exceptional circumstances, let alone good cause, that would justify a further extension of time. (*See* 6/15/23 Order); Fed. R. Civ. P. 4(m). In particular, the court notes that GS Holistic has not provided any substantiation of its efforts to serve Mr. Rai, such as declarations of non-service. (*See generally* Mot.) In addition, GS Holistic says nothing about its efforts to serve any of the other Defendants. (*Id.*) This lack of substantiation prevents the court from evaluating the efforts GS Holistic has made to serve Defendants since the court issued its June 15, 2023 order. Nevertheless, the court will GRANT in part GS Holistic's motion (Dkt. # 11) and extend the deadline for GS

Holistic to perfect service on Defendants for an additional **30** days. GS Holistic shall file proof of service on Defendants by no later than **September 12, 2023**. This order does not grant GS Holistic leave to serve Defendants by publication or by any other means. Failure to timely file proof of service will result in the dismissal without prejudice of GS Holistic's claims against Defendants. No further extensions of the deadline to serve Defendants will be granted.

Dated this 21st day of August, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge