UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC, LLC, | CASE NO. C23-0398JLR |
| Plaintiff, | ORDER |
| v. | |
| GRANITE VAPE LLC, et al., | |
| Defendants. | |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") motion for a ten-day extension of the deadline to file a waiver of service. (Mot. (Dkt. # 13).) Because none of the Defendants have appeared in this action, the court exercises its discretion under Federal Rule of Civil Procedure 1 to decide this motion before the September 22, 2023 noting date. Fed. R. Civ. P. 1 (directing courts to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). The court has reviewed GS Holistic's motion, the relevant

ORDER - 1

portions of the record, and the governing law.  Being fully advised, the court GRANTS GS Holistic's motion.

On August 21, 2023, the court granted in part GS Holistic's second motion for an extension of time to effect service on Defendants Granite Vape LLC, Brian Snow, Rahn Burns, Amir Rai, and Jonathan Stephani (together, "Defendants") and ordered GS Holistic to file proof of service on Defendants by no later than September 12, 2023. (8/21/23 Order (Dkt. # 12).)  The court further stated that no further extensions of the deadline to serve Defendants would be granted.  (*Id.* at 3.)

Rather than timely file proof of service, however, GS Holistic filed the instant motion.  (*See* Dkt.)  GS Holistic represents that it has been communicating with counsel for Defendants regarding settlement.  (Mot. ¶ 2.)  When the parties did not reach a settlement before September 12, 2023, GS Holistic emailed waivers of service to Defendants' counsel.  (*Id.* ¶ 3.)  GS Holistic, however, received an automatic response to its email stating that Defendants' counsel would be in trial until September 13, 2023.  (*Id.* ¶ 4.)  As a result, GS Holistic now requests a 10-day extension of the deadline to file the waivers of service.  (*Id.* ¶ 5.)

Local Civil Rule 7(j) provides that a "motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline."  Local Rules W.D. Wash. LCR 7(j).  "Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise."  *Id.*  Here, GS Holistic has provided no justification for why it could not have sent waivers of service to Defendants' counsel well

in advance of the deadline set in the court's August 21, 2023 order.  (*See generally* Mot.)  Nevertheless, the court will GRANT GS Holistic's motion for a ten-day extension of the deadline to file the waivers of service (Dkt. # 13).  GS Holistic shall file the waivers of service by no later than **September 22, 2023**.  GS Holistic is ORDERED to be mindful of the deadlines set by this court in the many cases it has filed in this District and to plan ahead in order to meet those deadlines.  <u>No further extensions of deadlines will be granted in this case</u>.

Dated this 13th day of September, 2023.

JAMES L. ROBART
United States District Judge